UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KEVIN CARNEY,<br><br>　　　　　Defendant. | CR. 17-50127-JLV<br><br><br>ORDER |

Defendant Kevin Carney, appearing *pro se*, filed a motion requesting the court to reconsider its denial of compassionate release. (Docket 76). The United States opposed Mr. Carney's motion. (Docket 77). For the reasons stated below, defendant's motion is denied.

**ANALYSIS**

In Mr. Carney's motion for reconsideration, he contends he is or was exposed to lead paint and the medical staff and custody officers are "dangerously understaffed." (Docket 76 at p. 2). He argues "[c]ourts have consistently given sentence reductions/granted compassionate release due to people facing severe conditions of confinement as opposed to the average prisoner." Id. at p. 3 (citing United States v. Batista, No. 18-CR-319-7, 2022 WL 1997173 (S.D.N.Y. June 6, 2022)).

Mr. Carney's complaints are not individual to him, but instead relate to the general prison conditions at FCI Danbury. Therefore, the complaints must

be remedied through administrative avenues or lawsuits.  See United States v. Bolden, CR16-320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[c]onditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."); United States v. Butov, 16-CR-226, 2020 WL 5910063, at *5 (W.D. Wash. Oct. 6, 2020) ("Courts have consistently rejected . . . generalized arguments as a basis for compassionate release," such as challenges to BOP medical staffing or lack of adequate testing); United States v. Rollness, CR06-041, 2021 WL 4476920, at *4 n.3 (W.D. Wash. Sept. 30, 2021) ("the Court rejects defendant's reasoning because it is not sufficiently individualized."); United States v. Ward, 20-cr-40101, 2022 WL 16538152 (S.D. Ill. October 28, 2022) ("As for the conditions of Ward's confinement, including exposure to mold, asbestos, and lead paint, he may seek relief from any unconstitutional conditions through an administrative remedy and then a conditions of confinement lawsuit.").

    A court in this district denied compassionate release for a defendant complaining of lead paint in the dorms because "there [was] no record evidence to support that Mr. Davila's environmental concerns have increased the severity of his pre-existing health conditions." United States v. Davila, 20-cr-8(1), 2022 WL 1553569 (D.M.N. May 17, 2022).  Mr. Carney pointed to increased lead in his system but does not show it impacted on his health. (Docket 76-1).  As such, Mr. Carney has not shown extraordinary and compelling circumstances justifying compassionate release.

Finally, Mr. Carney argues the § 3553(a) factors support release. (Docket 76 at pp. 3-4). However, approximately three months ago, this court found Mr. Carney did not meet his burden of showing the § 3553(a) factors supported his release. The court does not find the § 3553(a) factors have changed since the court's last order; thus, they continue to weigh against release.

## ORDER

Based upon the above analysis it is

ORDERED that defendant's motion for reconsideration of compassionate release (Docket 76) is denied.

Dated August 15, 2023.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE